4 May 2000

No. 2--99--0526

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE WINNEBAGO COUNTY BOARD OF   )   Petition for Review of order  

REVIEW,                         )   of the Illinois Property Tax  

                           )   Appeal Board.

Petitioner,                )

                                ) 

v.                              )   Nos. 96--1638--C--2

                                )        97--1466--C--3

THE PROPERTY TAX APPEAL BOARD   )   

and ALPINE BANK OF ILLINOIS,    )

INC.,                           )

                                )

Respondents.               ) 

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Petitioner, the Winnebago County Board of Review (Board of Review or Board), appeals an order of respondent State of Illinois Property Tax Appeal Board (PTAB) reducing two tax assessments the Board had placed on property owned by respondent Alpine Bank of Illinois, Inc. (Alpine Bank).  The Board appeals (see 35 ILCS 200/16--195 (West 1998)), asserting that the PTAB's order is against the manifest weight of the evidence.  We  affirm.   

The Alpine Bank property consists of 102,473 square feet of land improved with a three-story building.  Each floor is about 15,420 square feet, making about 46,260 square feet of above-grade gross floor area.  The first floor has been occupied since August 26, 1996.  The other two floors are essentially unfinished and would have to be "built out" before they could be occupied.

The Board of Review gave the property a prorated assessment of $651,367 for 1996 and an assessment of $1,184,292 for 1997.  The Board listed the property's market value for 1996 at $4,467,415.  According to the PTAB's order, the Board's 1997 assessment implies a market value of $3,561,780 under the applicable assessment rate.  (This finding is not in dispute on appeal.)  Alpine Bank filed appeals with the PTAB, asserting that the Board of Review had overvalued the property for 1996 (case No. 96--1638--C--2) and 1997 (case No. 97--1466--C--3).  The Rock River Water Reclamation District and Community College District No. 511 intervened, but neither submitted evidence and the PTAB found them in default.  

Alpine Bank and the Board of Review each submitted a report of an expert appraiser who also testified at the hearing.  Alpine Bank's expert, John Hill, estimated the value of the property as of August 26, 1996, while the Board's expert, Charles Davidson, used January 1, 1997, as the valuation date.  However, the parties stipulated that, between those dates, there was no improvement to or additional occupancy of the building.  Thus, the parties agree that the proper valuation is the same for either date.

Each appraiser estimated the property's market value according

to the cost, sales comparison, and income approaches.  The PTAB  relied primarily on the sales comparison method in reaching its decision and that choice of methodology is not at issue on appeal.  Therefore, we summarize the evidence only as it relates to the sales comparison method of valuation and to how the PTAB adjusted the valuation of the property to account for the cost of building out the second and third floors.

The Davidson report states that applying the sales comparison method gives the property a market value of approximately $3,430,000.  Davidson  used nine comparable sales, the data for which we summarize as follows:

No.
 
Sale Price
    
Price/Square Foot

1         $1,000,000         $121.20

2 2,280,000          102.27

3          4,500,000           65.74

4          2,150,000          105.24

5            700,000           67.40

6          1,235,000          118.75

7          4,500,000           80.07

8            987,000          123.38

9          1,176,000           91.88

Adjusting the data from these sales to reflect differences between the sale properties and the Alpine Bank property, Davidson found that the Alpine Bank property as built out would have a market value of $92 per square foot, or $4,117,920.  He estimated the build out cost at $25 per square foot plus 10% entrepreneurial profit, or $683,788.  Thus, Davidson concluded that the market value of the property "as is" was approximately $3,430,000, or about $64.50 per square foot.  (The Davidson report gives the building's gross floor area above grade as 44,760 square feet,  less than the 46,260 square feet stated in the Hill report and in the PTAB's decision.  On appeal, the Board accepts the 46,260 figure as correct.)

The Hill report states that, according to the sales comparison method, the Alpine Bank property  had a market value of $2,675,000.  Hill relied on six comparable sales.  For each comparable property, Hill calculated both the actual sale price per square foot and an adjusted sale price per square foot.  Each adjusted sale price represented Hill's attempt to account for differences between the particular comparable property and the Alpine Bank property.  Thus, in each case, Hill raised or lowered the comparable property's sale price to reflect differences with the Alpine Bank property in desirability of location, land-to-building ratio, market conditions, building age, and other variables that would affect market value.  We summarize Hill's data as follows:

No.
 
Sale Price
 
Price/sf
  
Adj. Price/sf
 

1 $5,950,000     $81.02  $95.65

2 4,500,000      80.47       92.13

3          7,440,000      39.47       66.75

4 5,470,910      91.14       72.41

5 3,000,000      44.44       60.02

6 2,280,000     102.27       98.65

From this information, Hill calculated that, if the Alpine Bank property were fully finished, it would be worth $81 per square foot.  This figure is the rounded-off mean of the adjusted sale prices and implies an overall value of approximately $3,750,000.  Deducting an estimated build out cost of $40 per square foot, Hill concluded that, according to the sales comparison method, the market value of the property "as is" was about $2,675,000.

The PTAB's decision drew on both experts' opinions.  The PTAB  found that the most nearly comparable sales were the second, seventh, and ninth sales in the Davidson report and the first, second, fourth, and sixth sales in Hill's report.  Believing that the property was most similar to those comparable properties in the lower end of the value range, the PTAB concluded that the fair market value of the property in a finished state would be $3,561,780, or $76.99 per square foot, the market value that was implicit in the Board of Review's assessment for 1997.  Deducting $25 per square foot, or approximately $671,400, as the cost of building out the second and third floors, the PTAB concluded that the market value of the property as of August 26, 1996 (or January 1, 1997) was approximately $2,890,000.  Thus, the PTAB agreed with Alpine Bank that the Board's assessments for 1996 and 1997 were excessive.  In case No. 96--1638--C--2, the PTAB lowered the assessment to $469,463.  In case No. 97--1466--C--3, the PTAB lowered the assessment to $960,925.  

The Board of Review filed a timely petition for review with this court.  The Board claims that the PTAB's decision is against the manifest weight of the evidence and inconsistent with the PTAB's own factual findings.  We disagree.

We shall reverse the PTAB's decision only if it is against the manifest weight of the evidence. 
Commonwealth Edison Co. v. Property Tax Appeal Board
, 102 Ill. 2d 443, 463 (1984).  When market value is the basis of an appeal to the PTAB, the value of the property at issue must be proved by a preponderance of the evidence.  86 Ill. Adm. Code §1910.63(e) (eff. January 1, 1990).  

We recognize that at least two opinions of the appellate court state that, to prevail on a claim that an assessment is excessive, the taxpayer must prove that claim by clear and convincing evidence (rather than a mere preponderance).  See 
Techalloy Co. v. Property Tax Appeal Board
, 291 Ill. App. 3d 86, 92 (1997); 
Illini Country Club v. Property Tax Appeal Board
, 263 Ill. App. 3d 410, 416 (1994).  However, we believe these
 statements are unsound because they confuse claims of excessiveness with claims of nonuniformity.

In stating that the "clear and convincing" burden applies to a claim that an assessment is excessive in relation to market value, the court in 
Techalloy
 relied on 
Illini Country Club
, which in turn
 relied on  
Kankakee County Board of Review v. Property Tax Appeal Board
, 131 Ill. 2d 1, 22 (1989), and 
La Grange Bank No. 1713 v. Du Page County Board of Review
, 79 Ill. App. 3d 474, 480-81 (1979).  However, 
Kankakee County Board
 and 
La Grange Bank
 state only that a taxpayer objecting to an assessment on the basis of 
uniformity
 must prove the disparity in assessment valuations by clear and convincing evidence.  We depart from 
Techalloy
 and 
Illini Country Club
 in that we hold that, consistent with the pertinent regulation (86 Ill. Adm. Code §1910.63(e) (eff. January 1, 1990)), challenges based on excessiveness must be proved by a preponderance of the evidence while those based on a lack of uniformity must be proved by clear and convincing evidence. 

We turn to the merits.  The Board of Review claims that the evidence on which the PTAB relied does not support its finding that the property has a fair market value of $2,980,000, or $79.66 per square foot less the $25-per-square-foot build out cost.  The Board asserts that, in the comparable sales on which the PTAB relied, the properties involved had sale prices ranging from $80.07 per square foot to $102.27 per square foot.  Thus, the Board maintains that the $76.99 figure is outside the range of the comparable sales prices and thus lacks support in the evidence.

We agree with the PTAB and Alpine Bank that the Board has simply misread the evidence.  The Board focuses only on the valuations in the Davidson report and the 
unadjusted
 valuations in the Hill report.  The Board ignores the Hill report's 
adjusted
 valuations for the comparable properties.  In particular, the Board slights the data for the fourth of these comparable sales.  After factoring in differences between the property in the fourth sale and the Alpine Bank property, Hill gave the former a fair market value of $72.41 per square foot, considerably less than the $79.66 figure that the PTAB gave the Alpine Bank property.  The Board suggests no reason, and we can discern none, why the PTAB could not reasonably rely on the adjusted fair market values that Hill calculated for his comparable properties.  The PTAB's result is clearly within the range of the experts' valuation figures for the properties the PTAB deemed most suitable for comparison.  Also, it is toward the low end of the range of comparable properties' values; this is consistent with the PTAB's reasoning in its written decision.  Thus, the decision is not against the manifest weight of the evidence and must be affirmed.

The decision of the Property Tax Appeal board is affirmed. 

Affirmed.

GEIGER and COLWELL, JJ., concur.